[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, whose maiden name was Susan K. Race, and the defendant intermarried on August 5, 1977 in Durham, Connecticut. The plaintiff has resided in the State of Connecticut for at least 12 months prior to the filing of the complaint. There have been no minor children born to the plaintiff since the date of their marriage and neither of the parties are receiving or have received financial support from the State of Connecticut or any municipality therein.
This court has jurisdiction over the parties and the marriage.
Based upon the relevant, credible and admissible evidence presented to the court, the following constitute the findings of fact and conclusions of law taking into account the statutory scheme set forth that govern orders entered in these types of family cases.
The plaintiff-wife has worked during the course of this marriage from and after the time of the birth of their second child. Her earnings were placed in a joint account and were used to pay bills along with the earnings of the defendant-husband. The marriage defendant proposes to appeal. Despite the fact that the court read into the record the provisions of this rule at the start of the hearing, the defendant presented no testimony as to the grounds of this appeal.
While great latitude is allowed to a litigant appearing pro se so far as the just rights of the other party are protected, the pro se is "bound by the same rules of evidence and procedure as those qualified to practice law." Cersosimo v. Cersosimo, 188 Conn. 393-94 (1982).
Before granting an application under P.B. § 63-6, the court must be satisfied that the defendant is "entitled to an appeal." That phrase has been interpreted to mean that the appeal is not frivolous. Hackett v.Commission on Human Rights Opportunities, 17 Conn.L.Rptr. 187 (1996).
 A frivolous appeal, the court ruled, is one where the applicant's likelihood of success is slight. Id. To determine whether the plaintiffs proposed appeal is frivolous, the court should examine the trial court ruling and the issues which the applicant intends to raise on appeal.
Id. See also Ferrucci v. Davidson, 22 Conn. Law Tribune No. 19, p. 39 (5/12/86).
The court here has reviewed its ruling, and assuming the defendant will raise the same issues on appeal, the court finds the likelihood of CT Page 10778 success slight.
Because the defendant has failed to comply with the rule to set forth verified grounds for his appeal and because the court cannot find that the defendant is entitled to an appeal, the application for waiver of fees is denied.
DiPentima, J.